UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-110-GFV

HARRY SMALL, PETITIONER,

V.   **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

HENRY WILLIAMS, JAILER,
BIG SANDY REGIONAL
DETENTION CENTER, RESPONDENT.

## I.   INTRODUCTION

Petitioner, Harry Small, a state prisoner currently incarcerated at the Big Sandy Regional Detention Center at Paintsville, Kentucky, previously filed herein a handwritten document [Record No. 1], which the Court observed "may be construed as a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254." [Record No. 2.] For the reasons which follow, it shall be recommended that said construed petition be dismissed without prejudice.

## II.   RELEVANT FACTS AND PROCEDURAL HISTORY

In that same order dated April 6, 2005, this Court directed Petitioner either to pay the $5.00 filing fee for a habeas corpus petition or to submit the appropriate forms for proceeding in forma pauperis. [Id.] On April 18, 2005, Petitioner paid the $5.00 filing fee.

[Record No. 6.]

By order dated April 26, 2005 [Record No. 8], the undersigned directed the Clerk of Court to send Petitioner a copy of this court's official form for a § 2254 habeas petition and granted Petitioner thirty (30) days within which to complete that form and file it of record herein. [Id.] Petitioner has not returned the form, and his time for doing so has long since expired.

Apparently in response to that order, however, on May 5, 2005, the Clerk received a hand-written letter from Petitioner with the salutation: "Dear District Court." [Record No. 9.] In that letter, Petitioner stated that he was:

> ...wrighting to let you know. That the reson my Paper Work was not faild out right ... I half to get other people to help me Here IN Jail. My Lawers said that they where going to do these for me. But I can't get them to do There Jobs. They have been payed. ... The last law I hired he is in Pikeville, Ky. He told me that I had grounds for apeal where I was miss represent. He was in the crout Room when I was There for my last hering. So after Crout I Told my wife to go see him. So we hard Him To Do This. But all he his done is take air money. He won't even take call from us or tell us what is going on. At First He Told us That he would get me Back in front of The Juge In Two weeks. and It never Happen. Then he told Her It would be Thirty Days. and none of them day His ever come. So It hard for me to do a hole lot where I'm att.
>
> ... Thy man told me He was going to help in This matter But he ain't done any thing. But take the money and run! ... They don't want to do there jobs! ... Somebody needs to look at my Transcript of MY Hearing. ... It's NOT a Imprisonment case! It a civil matter! ... I have payed restitution In full of one Thousand Eight hundred dollars. If any body is get done wrong It's me by the Lawers. That has taking my money and one work done for it. That's way I can't get Justice.

[Id. at 1-3.]

2

### III. ANALYSIS

Because Petitioner is a <u>pro se</u> litigant, he is entitled to a liberal construction of his pleadings and filings. <u>Boswell v. Mayer</u>, 169 F.3d 384, 387 (6th Cir. 1999). It is well settled that "however inartfully pleaded" a <u>pro se</u> pleading may be, it is held to "less stringent standards than formal pleadings drafted by lawyers." <u>Franklin v. Rose</u>, 765 F.2d 82, 84 (6th Cir. 1985). "The appropriate liberal construction requires active interpretation in some cases to construe a <u>pro se</u> petition 'to encompass any allegation stating federal relief.'" <u>Id.</u> at 85; <u>Boswell</u>, 169 F.3d at 387.

Liberally construed, Petitioner's May 5, 2005, letter [Record No. 9] appears to be claiming that he paid his lawyer(s) to take some sort of unspecified action to "get Petitioner back in front of the Juge in two weeks" in what apparently was a state court criminal case. [<u>Id</u>. at 2.] In any event, Petitioner makes it clear in that letter that he is not challenging his imprisonment, but rather the failure of his lawyer(s) to take action for which Petitioner claims that he has already made payment. As Petitioner states emphatically, "It's NOT a Imprisonment case! It a civil matter." [<u>Id</u>. at 3.]

Thus, in his said letter, which is hereby construed as a Response to the undersigned's April 26, 2005, order, Petitioner has made it clear that he does not intend to challenge his current imprisonment in the Big Sandy Regional Detention Center. It is judicially noticed that that facility is owned and operated by the Commonwealth of Kentucky and its only prisoners are incarcerated pursuant to an order of a Kentucky state court judge.

Accordingly, it is appropriate to construe the totality of Petitioner's handwritten communications as attempting to plead a federal civil cause of action other than a writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner's "pleadings"do not, however, indicate what kind of claims he is attempting to assert in this Court, much less do they indicate what remedy Petitioner seeks in this case. Thus, even with the most liberal interpretation of Petitioner's pro se pleadings, it is not possible to construe his submissions as attempting to allege any type of civil action that could be legitimately pursued in this Court. Boswell, 169 F.3d at 387.

Petitioner has not filed any additional matter that might clarify his "pleadings" and his time for doing so under the April 26, 2005, order [Record No. 8] has long since expired. The failure of Petitioner, as directed by that order, to complete the Court's official § 2254 habeas petition form and instead to advise the Court in his construed response of May 5, 2005, that this is not an "imprisonment case," despite his previous payment of the filing fee for a habeas ccase filing fee, thus presents the question as to what further action is appropriate for this Court to take at this time.

Considerations relevant to that determination include the fact that Petitioner previously enjoyed the benefit of the $5.00 filing fee for a habeas petition, rather than the much-larger filing fee for a regular civil action; this Court has been consistently construing this matter as a state prisoner habeas action in all of its prior orders; and, Petitioner has now made it clear that he is not attempting to secure a writ of habeas corpus. Therefore,

4

considering all the circumstances presented, this Court should determine that because Petitioner did not comply with the undersigned's April 26, 2005, order directing him to complete the official court form for a § 2254 habeas corpus petition, instead indicating in response to that order that he is not intending to challenge his current imprisonment, his construed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be denied; this matter should be dismissed, but without prejudice to Petitioner's right to file a subsequent § 2254 habeas petition on the Court's official forms; and, this action should be stricken from the active docket of the Court.

## IV. CONCLUSION

For the reasons provided above, it is hereby recommended that Petitioner's construed petition for the writ of habeas corpus [Record No. 1] be denied and that this action be dismissed without prejudice and stricken from the docket.

Specific objections to this Report and Recommendation must be filed within ten (10) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Rule 72(b), Fed. R. Civ. P.

Signed January 10, 2006.



Signed By:
*Peggy E. Patterson*  PEP
United States Magistrate Judge

Date of Entry and Service: